**Opinion filed February 10, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00245-CV

_____

## IN THE INTEREST OF G.C., M.C., G.C., AND M.C., CHILDREN

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 8139-CX**

## M E M O R A N D U M   O P I N I O N

The trial court entered an order in which it terminated the parental rights of the parents of G.C., M.C., G.C., M.C., and A.M.[1]  The father of four of the children appealed.  In three issues on appeal, Appellant asserts that the trial court lacked jurisdiction, that the trial court erred when it denied Appellant's motion for extension and continuance, and that the evidence was insufficient to support the trial court's best interest finding.  We affirm.

---

[1]We note that the mother of the children and the father of A.M. did not file a notice of appeal.  In this opinion, when we refer to "the children," we are referring to Appellant's children: G.C., M.C., G.C., and M.C.

## I. *Jurisdiction*

In his first issue, Appellant contends that the trial court lacked jurisdiction to enter the termination order because Appellant was not served with a citation in this case until after the adversary hearing, the first status hearing, and the initial permanency hearing had been held. The record shows that Appellant is correct in that he was served on January 19, 2016, which was after the August 13, 2015 adversary hearing that resulted in a temporary order and was also after the first status hearing and the initial permanency hearing.[2] However, Appellant was served long before the final trial in this case, which was held on July 15, 2016. The record also shows that citations were issued for Appellant at different addresses on August 5, 2015, on September 24, 2015, on October 23, 2015, and on January 11, 2016. The first three citations were returned unserved with a deputy's note indicating that Appellant could not be located. After he was finally served with a citation, Appellant filed an affidavit of indigence in this case and requested a court-appointed attorney. He appeared in court at the permanency hearing that was held on April 29, 2016, and he also appeared in court for the final hearing on termination.

Because Appellant had been served with a citation in this case before the trial court conducted the final hearing on termination, the trial court had personal jurisdiction over Appellant at the time that it held that hearing and entered the order of termination. We overrule Appellant's first issue.

## II. *Continuance*

In his second issue, Appellant argues that the trial court violated Appellant's right to due process and abused its discretion when it denied Appellant's motion for extension and continuance.[3] We disagree.

---

[2]*See* TEX. FAM. CODE ANN. § 262.201 (West Supp. 2016).

[3]We note that Appellant did not file a motion for continuance as provided for in Rule 251 of the Texas Rules of Civil Procedure and that his request for extension stemmed from Section 263.401 of the Family Code.

When this case was called for the final hearing on termination on July 15, 2016, Appellant's counsel announced "vehemently not ready" and requested that the trial court extend the dismissal deadline for up to 180 days. *See* TEX. FAM. CODE ANN. § 263.401(b) (West Supp. 2016). Counsel explained that Appellant was not timely served with a citation in this case, that counsel was not prepared to go to trial because the trial court had previously indicated that this case probably would not go to trial on that date, and that Appellant had just been released from jail and needed a "meaningful opportunity to participate in the services."

The one-year mandatory dismissal deadline in this case was August 8, 2016. *See id.* § 263.401(a). A trial court may extend the dismissal date and retain a termination suit on its docket for up to 180 days beyond the original dismissal date if the trial court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the Department of Family and Protective Services and that continuing such conservatorship is in the best interest of the child. *Id.* § 263.401(b). A trial court has discretion to grant such an extension, but the language in Section 263.401 "prefers finality to suit." *In re A.J.M.*, 375 S.W.3d 599, 605 (Tex. App.—Fort Worth 2012, pet. denied).

Under the circumstances present in this case, we cannot hold that the trial court abused its discretion when it denied Appellant's request for an extension. As early as January 2016, the trial court had scheduled this case for a July 2016 trial setting; therefore, Appellant had more than six months' notice of the trial date. Additionally, although he had not been timely served, Appellant was aware on August 1, 2015, that his children were in the care of the Department, and he was in telephone contact with the Department about a month later to discuss the services and classes that he needed to complete. Appellant did not appear at the adversary hearing even though he had been told about the hearing and when it was to be held. Appellant acknowledged that he stopped participating in his services because he

"didn't want to go." Later, in March 2016, Appellant was arrested on charges related to family violence and to the violation of the terms and conditions of his community supervision; he remained in jail until the day of the final hearing on termination. During the time that he was in jail, Appellant made very little progress on his services. The trial court neither violated Appellant's right to due process nor abused its discretion when it denied Appellant's request for extension. Consequently, we overrule Appellant's second issue.

### III. *Termination: Best Interest*

In his third issue, Appellant asserts that the termination of his parental rights was not in the best interest of his children. Termination of parental rights must be supported by clear and convincing evidence. FAM. § 161.001(b). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001(b). In this case, the trial court found that Appellant committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O). Appellant does not challenge these findings, but he does challenge the trial court's finding that termination is in the children's best interest. *See id.*

4

§ 161.001(b)(2). Accordingly, we will uphold the order of termination if the evidence is sufficient to support the best interest finding.

Appellant asserts that the evidence presented at trial was insufficient to support the finding that termination of his parental rights would be in the children's best interest. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The Department originally became involved with the children in this case in February 2015 when it received a report concerning domestic violence. Appellant had hit the children's mother in the face while she was holding one of the children. At that time, there were also concerns of drug use. Three months later, the Department received another intake that related to the medical neglect of one of the children. Then, in June 2015, there was another intake that involved domestic violence between the parents in the children's presence. On July 1, the parents failed to appear for a hearing at which they were ordered to participate in family services.

5

At that time, Appellant's children were ages seven years, four years, three years, and one year. On July 30, 2015, the Department received yet another intake that involved domestic violence between the parents while the children were present.

The Department's investigator in this case could not locate the family at the time of the July 30 intake, but the investigator did locate the mother the next day. During the mother's conversation with the investigator, the mother admitted that she had used methamphetamine on July 29; she tested positive for methamphetamine on two instant drug tests that were administered by the investigator. The children were removed at that time because Appellant could not be located and no relative was available for placement.

Not only did Appellant have a history of domestic violence against the children's mother prior to removal, he was arrested for domestic violence that occurred after removal while this case was pending. Appellant also admitted that he had used methamphetamine while the children were in his care. He failed to comply with the court-ordered services, and he did not have stable housing that was suitable for the children.

One of the children tested positive for methamphetamine. A conservatorship caseworker testified that all four children needed therapy. She indicated that, while this case was pending, the children had made progress in their developmental skills and a little progress with their anger issues and that the children were doing well. The children's attorney and guardian ad litem indicated during her cross-examination of a witness that none of the children—not even the eight-year-old—were potty-trained at the time of removal. No evidence was presented regarding the desires of the children.

The Department's conservatorship supervisor in this case testified that termination of the parents' parental rights would be in the best interest of the children. The supervisor explained that, if termination occurred, the children would

be free for adoption and could have a real parent. She also stated that the Department was still having difficulty stabilizing the children. She indicated that the parents' domestic violence and the children's exposure to methamphetamine had a continuing, detrimental effect on the children. The supervisor testified that the Department "[could not] really search for an adoptive home unless we have termination." The Department's goal for the children was to find an adoptive home where all four children could be placed.

Based upon the *Holley* factors and the evidence in the record, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. The trial court could reasonably have formed a firm belief or conviction that it would be in each child's best interest for Appellant's parental rights to be terminated. We hold that the evidence is both legally and factually sufficient to support the trial court's best interest finding. We overrule Appellant's third issue.

IV. *This Court's Ruling*

We affirm the trial court's order of termination.

MIKE WILLSON

JUSTICE

February 10, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.